UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                                  Case No. 14-20119

v.                                            Honorable Nancy G. Edmunds

EVERETTE RAMON GEORGE,

      Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE [470]

Alleging that his attorney's plea-bargaining constituted ineffective assistance of counsel, Defendant moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  For the reasons stated herein, Defendant's motion is DENIED.

**I.    Background**

Defendant was indicted for one count of Assault with a Dangerous Weapon in Aid of Racketeering Activity under 18 U.S.C. § 1959(a)(3), as well as one count of Brandishing a Firearm During and in Relation to a Crime of Violence under 18 U.S.C. § 924(c).  (Dkt. 1, at 28-29.)  In July 2015, Defendant pled guilty to the § 1959(a)(3) count and signed a written plea agreement.  (Dkt. 320.)

The terms of that agreement included several concessions from the government. First, the government agreed to drop the § 924(c) count, which carried a mandatory consecutive sentence of at least 84 months.  (*Id.* at 9.)  Second, the government agreed not to bring charges against Defendant "for any additional criminal conduct of which it is aware as of the date [he] enters his guilty plea."  (*Id.* at 9-10.)  Third, the government

agreed that Defendant's sentence could "not exceed the top of the sentencing range as determined by the Court." (*Id.* at 7.)

This plea agreement also included several non-binding recommendations for the Court's sentencing guideline calculations. First, the agreement recommended that the Court calculate Defendant's base offense level as twenty. (*Id.* at 16.) The Court adopted this recommendation, noting that the probationary office also recommended it. (*See* Dkt. 511, at 6.) Second, the agreement recommended that Defendant receive a five-level upward adjustment for "brandishing" a gun. (Dkt. 320, at 16.) The Court did not adopt this recommendation, deciding instead that Defendant "otherwise used" his gun, grounds for a six-level upward adjustment. (Dkt. 511, at 6.) Finally, the parties agreed to contest whether Defendant should receive a three-level aggravating role adjustment (Dkt. 320, at 5-7), and the Court agreed with Defendant that he did not qualify for this adjustment. (Dkt. 511, at 5.)

These decisions produced a guideline range of 46-57 months of imprisonment. The Court sentenced Defendant to 57 months. (*Id.*) Defendant did not appeal from his judgment of conviction, and he timely filed this § 2255 motion.

## II.   Standard

Under 28 U.S.C. § 2255, a "prisoner in custody under sentence of a [federal] court . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." To prevail on a § 2255 motion, a petitioner must allege "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett*

*v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)).

## III.   Analysis

Defendant alleges that his attorney's plea-bargaining constituted ineffective assistance of counsel.  The Court disagrees for several reasons.

To prevail on an ineffective assistance claim, Defendant must show that his counsel's performance was both (1) deficient and (2) prejudicial to his defense.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Deficient performance occurred where "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment."  *Id.*  In other words, Defendant must show that his counsel's representation "fell below an objective standard of reasonableness."  *Id.* at 688.

To prove prejudice in the context of a guilty plea, Defendant must demonstrate a reasonable probability that, but for counsel's errors, he would have insisted on going to trial, rather than pleading guilty.  *Thomas v. Foltz*, 818 F.2d 476, 480 (6th Cir. 1987) (citing *Hill v. Lockhart*, 474 U.S. 52 (1985)).  A claim that a defendant "wound up with a less favorable plea or sentence than he otherwise would have accepted with the advice of competent counsel . . . is insufficient to establish actual prejudice."  *Short v. United States*, 471 F.3d 686, 696-97 (6th Cir. 2006).

Here, Defendant has failed to show that his attorney performed deficiently during plea-bargaining.  To the contrary, the plea bargain produced several benefits, eliminating a count with an 84-month mandatory consecutive sentence, setting a ceiling on the sentence for Defendant's count of conviction, and preventing the government from indicting

Defendant on other counts.  As the Court already stated during the sentencing hearing, "[Defendant] was well advised to enter his plea in this case..."  (Dkt. 511, at 13.)

Even if he could show that his attorney's performance fell below an objective standard of reasonableness, Defendant cannot establish prejudice.  First, his plea agreement did not lead to a harsher sentence.  The probationary office recommended the same base offense level that the plea agreement did, and the Court agreed that this recommendation was correct.  The Court also applied an upward adjustment that was *less* favorable to the Defendant than the one that the plea agreement recommended.  Therefore, Defendant cannot show that the plea agreement left him worse off. Second, Defendant has not argued or presented evidence indicating that he would have rejected this plea agreement and gone to trial.

Given that Defendant has not shown that he received deficient representation or suffered prejudice, his ineffective assistance of counsel claim fails, and his § 2255 motion is DENIED.[1]

SO ORDERED.


S/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  September 28, 2016

---

[1] The Court notes that it received from Plaintiff a letter allegedly written by Defendant that was styled as a motion to withdraw his § 2255 petition.  Defendant never properly filed such a motion, however, so the Court here rules on the merits.

<u>CERTIFICATION</u>

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 28, 2016, by electronic and/or ordinary mail.

s/Carol J. Bethel
Case Manager