UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE UNITED STATES OF AMERICA,

    Plaintiff,

v.

EVERETTE RAMON GEORGE,

    Defendant.
_____/

Case No. 14-20119

Honorable Nancy G. Edmunds

## ORDER AND OPINION DENYING DEFENDANT'S MOTION FOR RECOMMENDATION FOR RESIDENTIAL RE-ENTRY CENTER (RRC)

This matter comes before the Court on Defendant Everette R. George's ("Defendant") motion seeking a judicial recommendation to the Federal Bureau of Prisons ("BOP") to afford Defendant placement in a Residential Re-Entry Center ("RRC") for the last twelve months of his sentence. (Dkt. 536, at 5; PgID 7601.) For the reasons stated below and in the government's response [538], Defendant's motion for the Court's recommendation regarding placement is DENIED.

I.    Background

On July 14, 2015, Defendant pled guilty to violating 18 U.S.C. §1959(a)(3) for assault with a dangerous weapon in aid of racketeering. (Rule 11 Plea Agreement; Dkt. 320, at 1; PgID 1670.) The Court sentenced Defendant to 57 months of imprisonment followed by three years of supervised release. (Judgment; Dkt. 389, at 2-3; PgID 3366-67.) Defendant has 23 months left to serve on his sentence. (*Id.*)

Defendant represents that he is "young enough to be reformed and to rejoin a law-abiding society with all the available help from a prolonged placement in a federal halfway house." (D. Mot.; Dkt. 536, at 1; PgID 7597.) As of the filing of the motion, Defendant reports he was enrolled in or had completed several BOP programs including Alternatives to Violence, Drug Education, FDIC Money Smart I-VII, Job Fair, Parenting I & II, Power of Positive Thinking, Real Estate Rehabilitation I & II, RRP1 Circuit Training, VT Culinary Arts, VT Electrical, VT Masonry, VT Residential Carpentry, and Victim Impact. Defendant also reports he is enroled in a distance learning program with the Louisiana State University. Defendant states he has received no disciplinary reports during his incarceration which began in March 2013. (*Id.*)

Defendant seeks a recommendation from this Court that he should be afforded the maximum placement time in a RRC/halfway house of twelve months. (D. Mot.; Dkt. 536, at 5; PgID 7601.) In response, the government opposes Defendant's request. The government states the nature and circumstances of Defendant's offense as well as Defendant's criminal history do not support such a benefit. (Govt. Resp. to Mot.;Dkt. 538.) The government offers several arguments against the Court making such a recommendation.

The government asserts Defendant already received an 84-month discount on his sentence. When Defendant signed his plea agreement the government dropped the §924(c) count against Defendant which carried a mandatory consecutive sentence of at least 84 months. (Plea Agreement; Dkt. 320 at 9; PgID 1678.) The government also argues Defendant's crime, which involved pulling a gun midday on an elderly couple, was brazen and violent. Defendant's connection with a gang makes the context of this crime

even more dangerous, violent, and intimidating. Cooperators described Defendant as having a particularly violent reputation. Yet many of these factors were not fully reflected in Defendant's relatively low guideline range. The government states these violent characteristics suggest the public will also benefit from Defendant serving his full sentence. *See* 18 U.S.C. §3553(a)(1), (2)(c).

The government believes the nature of the crime, and Defendant's previous criminal history, make specific detergence and respect for the law particularly important in Defendant's case. *See* U.S.C. § 3553(a)(2)(A)-(B). Defendant's criminal history began in 2008 and reflects escalating misconduct. This, however, is the first instance Defendant received a punishment of more than small fines or probation. The government states "[t]he §3553(a) factors supported the Court's sentence at the very highest point of the guideline range, and that is the sentence he should serve in prison." (Dkt. 538, at 7; PgID 7611.) To let Defendant escape his full punishment, has the potential of undermining Defendant's respect for the law.

The government also asserts, general deterrence as a final factor for ensuring Defendant serves his full sentence. The Bounty Hunter gang members, of which he was a member, glorified gang culture, celebrated their crimes, and bragged about violence. "Gang members in Detroit, and particularly the Bounty Hunters, need to be sent a message that if they continue doing what they've always done, they will face consequences." (Dkt. 538, at 8; PgID 7612.) *See also* 18 U.S.C. § 3553(a)(2)(B).

II. Legal Standard

The BOP has the statutory authority to place an inmate into "any available penal or correctional facility." 18 U.S.C. §3621(b). Pursuant to the administrative regulations

3

accompanying the Second Chance Act, the decision to place an inmate in a pre-release community confinement is discretionary and will be "determined on an individual basis" according to the factors in 18 U.S.C. §3621(b). The BOP has the authority to designate the place of an inmate's imprisonment and to direct the transfer of a prisoner from one penal correctional facility to another "at any time." *Rodriguez v. Smith*, 541 F.3d 1180, 1182-83 (9th Cir. 2008). In making initial placement, transfer placement, and end of sentence determinations, the BOP is required to consider the five factors set forth in §3621(b):

> (1) The resources of the facility contemplated;
> (2) The nature and circumstances of the offense;
> (3) The history and characteristics of the prisoner;
> (4) Any statement by the court that imposed the sentences -
>     (a) concerning the purpose for which the sentence to imprisonment was determined to be warranted; or
>     (b) recommending a type of penal or correctional facility as appropriate; and
> (5) Any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

*See Rodriguez*, 541 F.3d at 1189; 18 U.S.C. §3621(b); 18 U.S.C. § 3624(c)(6)(A);

While the statutes contemplate that sentencing courts may make recommendations regarding the appropriate "type of penal or correctional facility" to which the BOP will designate a defendant for service of a term of imprisonment, the BOP retains the statutory authority and responsibility to choose the "place of imprisonment from among 'any' available penal or correctional institution." *Goldings v. Winn*, 383 F.3d 17, 25 (1st Cir. 2004).

The BOP alone determines an inmate's eligibility for RRC placement. Title 18 Section 3624(c) of the United States Codes instructs a prisoner's end of sentence placement during the final portion of his sentence:

4

> The Direction of the [BOP] shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. §3624(c)(1).

"Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person." 18 U.S.C. § 3621.

III. Analysis

The Court properly determined Defendant's sentence, 57 months of incarceration and 3 years of supervised release. This determination is not under review and is unchanged. Now, Defendant claims he has begun to rehabilitate himself while incarcerated. If true that is admirable, the Court congratulates him and nothing else. The BOP has total authority over Defendant's placement, date of release, and/or any pre-release, and the Court will not attempt to influence this BOP decision. 18 U.S.C. §3624 and §3621(b). The BOP has the most complete and accurate information regarding the five factors to make an individual determination regarding Defendant's placement, including this Court's statements at Defendant's sentencing.

IV. Conclusion

For the reasons set forth above, Defendant's Motion requesting a judicial recommendation concerning length of RRC/halfway house placement is DENIED.

SO ORDERED.

                                s/Nancy G. Edmunds
                                Nancy G. Edmunds
                                United States District Judge

Dated: May 10, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 10, 2018, by electronic and/or ordinary mail.

                                s/Lisa Bartlett
                                Case Manager